IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HARRY HENRY LOUIS, III | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv274 |
| STATE OF TEXAS | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Harry Henry Louis, III, an inmate confined in the Brisco Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Procedural History</u>

On May 7, 2003, following a trial by jury in the 252nd District Court for Jefferson County, Texas, petitioner was convicted of aggravated robbery. Petitioner was sentenced to a term of fourteen (14) years incarceration.

Petitioner appealed his conviction and sentence to the Ninth District Court of Appeals. On March 2, 2005, the judgment of the trial court was affirmed. Petitioner's application for petition for discretionary review was refused by the Texas Court of Criminal Appeals on July 27, 2005. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On November 2, 2006, petitioner filed a state application for writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07. The application was denied on December 13, 2006.

<u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on July 27, 2005. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Thus, petitioner's conviction became final on October 27, 2005. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Accordingly, the limitations period expired on October 27, 2006, absent any tolling.

Petitioner filed his first application for writ of habeas corpus in state court on November 2, 2006. Thus, more than one year lapsed between the time petitioner's conviction became final and the date on which his state petition was filed. Therefore, petitioner's state application does not serve to toll the statute of limitations.

Petitioner filed this petition on May 1, 2007. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations.[1] The petition should therefore be dismissed.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed as barred by the applicable statute of limitations. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

---

[1] The court notes the petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling.

**SIGNED** this the **23** day of **May, 2007.**

                                                            _____
                                                            Thad Heartfield
                                                            United States District Judge